SAVOIE, Judge.
This is a companion case to Lawrence W. Farris, Inc. Versus Hughes-Turner Construction Co., Inc., 413 So.2d 615 (La.App.) and Baton Rouge Steel Versus Lawrence W. Farris, et al., 413 So.2d 619 (La.App.). The three cases arise from the same construction project and were consolidated for trial. We decide all three cases this same date, though, since they involve different issues, they are reported separately.
In this case, a cement supplier, Altex, recovered a judgment in the amount of $15,474.58 and 25% attorney’s fees for unpaid cement invoices against the cement contractor, Hughes-Turner. The owner, George Tricou, was also cast in judgment for the sum of $15,474.58 but was not cast for attorney’s fees. There is no dispute concerning the amount of the unpaid bill. By this appeal, Mr. Tricou argues that he is not liable as owner, since he provided, though he failed to record on the public records, a bond to protect suppliers.
L.S.A.-R.S. 9:4808 permits a person desiring to construct a building to escape personal liability for the debts incurred by the contractor on the job by providing a surety bond sufficient in amount to cover the prospective costs of the construction. But,
“. . . if no bond has been furnished or recorded .. . but the contract has been timely recorded, the owner shall be personally liable ...”
Here, it is agreed all around that the owners’ attorney filed in the public record and recorded the construction contract. A surety bond intended to fulfill the requirements of 9:4806 was purchased and filed with the contract. The attorney neglected, however, to instruct the Clerk of the records office to file and index the bond separately, so the bond has not been “recorded”, as that term is commonly understood.[1]
*619 By this appeal, the owner, George Tricou, who was found liable for the cement bill on account of the above oversight, complains that since the purpose of the recordation requirement is just to put prospective suppliers on notice that the owner has provided a bond for costs and will not be personally liable for them, he should not be personally liable, whether the bond was recorded or not, where the supplier had actual knowledge of its existence. Tricou argues that since Altex knew of the existence of the bond, as to them, the bond was “constructively recorded”. This “constructive recordation”, it is argued, meets the requirements of the statute. No precedents are cited for recognition of the proposed principle of “constructive recordation”. Ordinarily, if a principal employs an agent to perform work for him, he will be liable for such debts as the agent incurs while acting within the scope of his employment. The statute in question is in derogation of this ancient and well-understood principle of the law of agency and must be strictly complied with in order to be effective. The judgment of the trial court holding the owner, George Tricou, and the sub-contractor, Hughes-Turner, liable in solido for the Al-tex invoice total of $15,474.58 is affirmed.
Altex answered the appeal, complaining of the trial court’s failure to find Tricou liable for attorney’s fees. The judgment below, as before stated, casts Tricou and Hughes-Turner in solido for the sum of the Altex account. Additionally, the court below casts Hughes-Turner for the 25% attorney’s fee provided by the contract between Altex and Hughes-Turner to be paid in case a collection suit were necessary. L.S.A. 9:4806 provides that the owner who fails to provide a proper bond,
“shall be personally liable ... to the same extent as is the contractor ...”
In accordance with the statute, the owner, Tricou, should have been cast for the 25% attorney’s fee solidarily with Hughes-Turner.
Costs will be taxed to the appellant.
The judgment is amended, accordingly.
AMENDED AND AFFIRMED.

. See also R.S. 4802, which provides, at the time this case arose, that:
“The bond shall be attached to and recorded with the contract in the office of the clerk of court or recorder of mortgages.”
*619 As amended effective January 1, 1982, the pertinent part of R.S. 9:4802 reads:
“The owner is relieved of the claims against him . .. when notice of the contract with the bond attached is properly and timely filed as required by R.S. 9:4811.”
New R.S. 9:4811 sets out in detail the required contents of a notice of contract.