SAVOIE, Judge.
This is a companion case to Lawrence W. Farris, Inc. v. Hughes-Turner Construction Co., Inc., 413 So.2d 615 (La.App.) and Altex Ready-Mixed Concrete Corporation v. Hughes-Turner Construction Co., Inc., 413 So.2d 617 (La.App.). All three cases arise from the same construction project, were consolidated for trial, and are decided together on appeal, though they involve different issues of law and fact and are, therefore, reported separately.
In this case, a materials supplier on the job, Baton Rouge Steel, won a judgment in the trial court for $15,864.34 against Farris and his surety, American Fidelity Fire Insurance Co. (American), in solido. The amount of the unpaid bill is not disputed, but Farris complains of being held for a 10% attorney’s fee for which, he says, only the surety can be liable.
Baton Rouge Steel sued on an unpaid bill stated to be the sum of $11,919.10, demanding in addition a 10% attorney’s fee against the surety for failure to pay timely upon demand under L.S.A.-R.S. 9:3902. An extract of the trial court’s written reasons for judgment, filed May 30,1980, finds in favor of Baton Rouge Steel, as follows, to-wit:
“All required notices were timely filed, thereby making the contractor, Lawrence W. Farris, Inc. liable to Baton Rouge Steel for $11,919.10. The surety, American Fidelity Fire Ins. Co., is liable in solido with the contractor.”
“Baton Rouge Steel Co. is also entitled to 10% attorney’s fees from the defendant’s surety. Under L.R.S. 9:3902, Baton Rouge Steel has the right to seek attorney’s fees from the surety when written notice of the claim is made 30 days prior to filing suit.”
The judgment of February 6, 1981, rendered by the trial court purports to be in accordance therewith. An extract of that judgment is, as follows, to-wit:
“In accordance with the written reasons for judgment filed herein on May 30, 1980, IT IS ORDERED that judgment be rendered herein in favor of BATON ROUGE STEEL, INC. and against LAWRENCE W. FARRIS GENERAL CONTRACTOR, INC. and AMERICAN FIDELITY FIRE INSURANCE COMPANY, in solido, in the full amount of Fifteen thousand eight hundred sixty-four and 34/100 ($15,864.34) Dollars.”
The discrepancy between the judgment and the written reasons, therefore, appears to be a mere inadvertence. The written reasons are correct and the judgment will be corrected to conform thereto; that is, there shall be judgment in favor of Baton Rouge Steel and against Farris and American Fidelity Fire Insurance Co., Inc. in the full amount of $11,919.10. In addition, there shall be judgment against American Fidelity Fire Insurance Co., Inc. and in favor of Baton Rouge Steel in the amount of 10% statutory attorney’s fees, pursuant to the provisions of L.S.A.-R.S. 9:3902.
The trial court’s judgment is amended to conform herewith.
Costs will be taxed to the appellee.
AFFIRMED IN PART, REVERSED IN PART.